**ESTABLISSEMENTS PERNOD, Maisons Pernod Fils, Hemard et Pernod Pere et Fils Reuinies (Societe Anonyme) and Pernod, Inc., Plaintiffs,**

v.

**FOREIGN VINTAGES, INC., Defendant.**

United States District Court
S. D. New York.

Feb. 9, 1959.

Choate, Ronalds, Reynolds & Hollister, New York City, for plaintiffs. William A. Moore, New York City, of counsel.

Abraham M. Stanger, New York City, for defendant.

DAWSON, District Judge.

This is a motion for a preliminary injunction (1) enjoining the defendant, pending this action, from using the designation Pernot in connection with the sale of alcoholic liquors as a trademark, upon labels, for advertising purposes, or otherwise, and (2) enjoining the defendant, pending this action, from making, keeping, offering for sale, selling or causing to be made, kept, offered for sale, any alcoholic liquor with an anise base, which is yellow in color.

The action is one which seeks a permanent injunction to restrain the defendant from the alleged violation of trademarks, from unfair competition and for the recovery of damages and profits.

The papers submitted on the motion are sufficient to establish the following facts:

1. The plaintiffs are corporations organized respectively under the laws of France and the laws of the State of New York.

2. Defendant corporation is organized under the laws of the State of New York and is doing business in that state.

3. The action arises in part under the trademark laws of the United States, Title 15 U.S.C.A. § 1051 et seq.

4. The plaintiff Ets. Pernod has been engaged in the business of selling direct-

ly or indirectly alcoholic liquors with an anise base and a yellow color known as and bearing the trademark Pernod. Plaintiff Pernod, Inc., which is a corporation controlled by Ets. Pernod is also a distributor of such liquors sold under the same trademark.

5. Ets. Pernod duly registered its trademark Pernod in the United States Patent Office on June 26, 1951 and received Registration No. 544,243; this registration also gives to its subsidiary Pernod, Inc. the right to use such trademark.

6. Ets. Pernod duly registered the features of its current label, particularly the words "Pernod" and "Pernod Fils" in the United States Patent Office under the Trademark Act of July 5, 1946, 15 U.S.C.A. § 1052, and secured Registration No. 535,493 on January 2, 1951.

7. The defendant has recently put on the market and has sold in competition with plaintiffs' product an alcoholic drink with an anise base and colored yellow, which defendant labels and describes as Pernot.

8. The adoption by the defendant of the descriptive name Pernot, its use on a label strikingly similar to that used by plaintiffs on its product, is likely to cause, and has caused, confusion to purchasers concerning the nature and origin of defendant's product. The name and label are imitations of the registered trademarks of the plaintiffs.

9. The conclusion is irresistible that defendant uses the name Pernot, the label which prominently displays that name, the same kind of bottles and the same color of the liquor, with the intent that its product shall be sold and passed off as a product of the plaintiffs; and confusion has existed, is still existing and will continue to exist unless defendant is restrained; all of which will irreparably injure the plaintiffs and diminish the value of plaintiff's trademarks and good-will.

### Discussion

Pernod has for many years been recognized as a distinctive type of liquor and is sold under that name in France and other countries. For defendant to label its product Pernot, which is pronounced substantially the same as Pernod, must have been intended by defendant to cause confusion in the trade. There are thousands of other names which it could have adopted which would have been appropriate, but it deliberately adopted the name Pernot and a type of label which would inevitably lead to confusion. Its protestations of honesty and good faith under the circumstances carry little conviction.

The other defenses of the defendant raised in the answering papers also carry little conviction. It argues that its product is manufactured under an agreement with an affiliated company in France, the name of which is "Les Etablissements Rene Pernot a Dijon et a Geneve." There is no reason why a label should not show this company as the source of the product, if it is in fact the source of the product, but it does not follow that this product has a right to be named and labeled Pernot when this will cause confusion with the well-known product Pernod.

Reference has been made by the defendant to trademark litigation in France involving the words Pernod and Pernot. None of the French opinions seem decisive of the issues on this motion. Nor does previous litigation which existed in this country, which apparently was settled by an agreement with a predecessor of the defendant under which it agreed not to use the word Pernot but instead to use another name as the principal word on its trademark, seem to have settled the present issue.

The Court concludes that the plaintiffs have shown a deliberate violation by the defendant of the trademarks of the plaintiffs and that the name used by the defendant is designed to and does cause confusion, and that the damage resulting therefrom may well be irreparable. The Court therefore directs that a preliminary injunction issue restraining the defendant, pending the determination of the action, from using the name Pernot.

as the name of its product in connection with the sale of alcoholic liquors, either as a trademark, or labels, for advertising purposes, or otherwise, it being understood that this restriction will not prevent defendant from indicating the source of the product, even though that source might involve using the name Pernot, provided it is not done in such exaggerated or distinctive fashion as to suggest that this is the name of the product being sold.

Insofar as plaintiffs seek a preliminary injunction restraining the defendant from selling or offering for sale any alcoholic liquor with an anise base which is yellow in color the Court feels that the papers submitted on this motion are not sufficient to warrant granting that relief. To grant this relief would indicate that the Court had concluded that the plaintiffs had a property right in all alcoholic liquors with an anise base which were yellow in color. No patent or trademark or copyright, evidencing such property right, has been submitted. The mere fact that plaintiffs' liquor is yellow in color and has an anise base does not prevent a competitor from putting out another liquor with the same color and the same base, provided it is not put out in such manner as to cause confusion or diminution of the property rights of the plaintiffs. If the liquors are properly labeled so as to avoid confusion the Court is quite convinced that the same color of the liquors would not be such as to cause confusion. So much of the motion as seeks an injunction restraining the defendant from offering for sale any alcoholic liquor with an anise base which is yellow in color is denied, without prejudice to the determination of this issue upon the trial of the action.

Let the parties submit a proposed form of temporary injunction order to the Court, on three days' notice to the other party, on or before February 18, 1959, together with any suggestions or affidavits with reference to the amount of the bond which must be posted by the plaintiffs as a condition of the granting of this injunction. So ordered.